IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ABBVIE INC. and ABBVIE BIOTECHNOLOGY LTD., | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:21-cv-1530 |
| v. | ) ) | Hon. Judge Harry D. Leinenweber |
| ALVOTECH HF., | ) ) | Magistrate Judge Jeffrey Cummings |
| Defendant. | ) ) | |

**DEFENDANT ALVOTECH HF.'S RESPONSE TO PLAINTIFFS' ABBVIE INC. AND ABBVIE BIOTECHNOLOGY LTD.'S NOTICE OF DECISION**

Defendant Alvotech hf. submits this response to address Plaintiffs' characterization of the order in an unrelated patent infringement suit. (Dkt. 29.)

In that order, Judge Lee held that Alvotech hf. is ***not*** subject to general jurisdiction in the Northern District of Illinois. (Dkt. 29-1 at 26.) And with respect to specific jurisdiction, Judge Lee correctly stated that: "Specific jurisdiction … must be based on activities that arise out of or relate ***to the cause of action***." (*Id.* at 28 (quoting *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1017 (Fed. Cir. 2009) (emphasis added)).)

Judge Lee's order considered only AbbVie's claims of ***patent infringement*** and found that submission of an aBLA—the "artificial act of infringement" in the unique body of law governed by the BCPIA—is "suit-related" ***for the patent case***, and, therefore, the Court could exercise personal jurisdiction in that case. *Id.*

In contrast, in this ***trade secrets case***, AbbVie's claims are based on allegations that a former AbbVie employee stole trade secrets from AbbVie in Singapore and used them in his work at Alvotech's hf.'s facility in Iceland. (Compl., ¶¶ 54-62.) Judge Lee did not consider these

allegations and made no determination regarding whether such allegations are sufficient to exercise personal jurisdiction. And, as discussed in Alvotech hf.'s motion to dismiss (Dkt. 22 at 8), unlike in the patent context, the possibility of future sales of Alvotech hf.'s AVT02 product in Illinois is insufficient to establish personal jurisdiction in this trade secrets case. *See J.S.T. Corp. v. Foxconn Interconnect Tech. Ltd.*, 965 F.3d 571, 578 (7th Cir. 2020).

Date: August 26, 2021

Respectfully submitted,

By: */s/ Louis E. Fogel*
　　Debbie L. Berman (# 6205154)
　　Louis E. Fogel (# 6281404)
　　**JENNER & BLOCK LLP**
　　353 N. Clark St.
　　Chicago, IL 60654
　　Tel: 312-222-9350 / Fax: 312-840-7764
　　Email: dberman@jenner.com;
　　lfogel@jenner.com

　　Roger A. Denning
　　Geoffrey D. Biegler
　　**FISH & RICHARDSON P.C.**
　　12860 El Camino Real, Ste. 400
　　San Diego, CA 92130
　　Tel: 858-678-5070 / Fax: 858-678-5099
　　Email: denning@fr.com; biegler@fr.com

　　John Farrell
　　**FISH & RICHARDSON P.C.**
　　500 Arguella Street, Ste. 500
　　Redwood City, CA 94063
　　Tel: 650-839-5070 / Fax: 650-839-5071
　　Email: farrell@fr.com

Counsel for ALVOTECH HF.

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2021 I caused a true and correct copy of the foregoing to be electronically served on counsel of record via the Court's CM/ECF system.

*/s/ Louis E. Fogel*
Louis E. Fogel