IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ABBVIE INC., and ABBVIE BIOTECHNOLOGY LTD., | |
| Plaintiffs, | Case No. 21 C 1530 |
| v. | Judge Harry D. Leinenweber |
| ALVOTECH HF, | |
| Defendant. | |

MEMORANDUM OPINION AND ORDER

## I.  BACKGROUND

This case involves the popular drug Humira which has received considerable exposure due to multiple television ads. U.S. Gov't Accountability Off., GAO-21-380, Prescription Drugs: Medicare Spending on Drugs with Direct-to Consumer Advertising 11 (2021). Humira is indicated for the treatment of rheumatoid arthritis and several other similar ailments. *Id.* Humira is the trade name for adalimumab, a complex biologic drug. (Compl. ¶¶ 1-2, Dkt. No. 1.) It is difficult to manufacture on a commercial scale because the process is complex and requires significant investment in time and expertise. (*Id.*)

The Plaintiffs are AbbVie Inc. and AbbVie Biotechnology Ltd ("ABL") (collectively "AbbVie"). AbbVie, Inc., a Delaware corporation headquartered in North Chicago, Illinois, is engaged in the development, sale, and distribution of Humira as well as

many other pharmaceutical products. (*Id.* ¶ 10.) ABL, a Bermuda corporation with offices in Hamilton has a facility in Puerto Rico where Humira is manufactured. (*Id.* ¶ 11.) The Defendant Alvotech HF is a corporation organized under the laws of Iceland and has its principal place of business in Reykjavik. (*Id.* ¶ 12.)

Plaintiffs bring this action for alleged violations of the Defend Trade Secrets Act of 2019, 18 U.S.C. §§ 836(b)-(c) and the Illinois Trade Secrets Act, 765 ILCS 1065/1. The parties agree that the Court has subject matter jurisdiction and disagree over the issue of personal jurisdiction. Plaintiffs contend that the Court has personal jurisdiction over Alvotech because Alvotech has purposely directed activities at Illinois residents and this case arises out of these activities. Alvotech denies that this Court has personal jurisdiction over it and, accordingly, Alvotech has moved for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(2). (Dkt. No. 21.) Alvotech also moves to dismiss pursuant to Rule 12(b)(6) for failure to state a claim. (*Id.*)

According to Alvotech, the facts that preclude personal jurisdiction are the following: Alvotech HF is a corporation organized and existing under Icelandic law and has its principal place of business in Reykjavik, Iceland. (*Id.* ¶ 12.) As a result, Alvotech has no ties to Illinois. AbbVie's Complaint charges Alvotech with inducing an AbbVie employee, Rongzan Ho ("Ho"), to

- 2 -

steal its trade secrets for the commercial manufacture of Humira, while the employee was working at AbbVie's Singapore manufacturing facility. (Compl. ¶¶ 52-61.) Alvotech then hired Ho to assist in opening its Icelandic facility for the manufacture of its biosimilar drug adalimumab. Therefore, the actual misappropriation occurred in Singapore for use in Iceland. (Compl. ¶¶ 61-63.) Mr. Ho's nationality is not stated, but the Complaint alleges that he was living in Singapore at the time of the misappropriation, living in Iceland at the time he was working for Alvotech, and, according to Alvotech, now living in China. (Mem. at 1, Dkt. No. 23.) While Alvotech intends to have Adalimumab distributed to and sold in Illinois, these activities will be performed by Alvotech USA, a domestic corporation separate from Alvotech HF. (Compl. ¶ 86 n.40.) AbbVie counters that the court has personal jurisdiction over Alvotech because Alvotech "purposefully misappropriated trade secrets developed under the supervision of AbbVie's Illinois management," and "has taken active steps to sell its biosimilar product in Illinois." (Opp. at 6, Dkt. No. 25.)

## II.  **DISCUSSION**

There are two types of personal jurisdiction, general and specific.  General jurisdiction permits a defendant to be sued in its home forum for any claim regardless of whether the claim has a connection with that forum. *Lexington Ins. Co. v. Hotai Ins.*

*Co.*, 938 F.3d 874, 878 (7th Cir. 2019). However, to exercise specific jurisdiction over an out of state defendant, it's connection to the forum state must be "so continuous and systematic as to render [it] essentially at home [there]." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)(quotation omitted).

Alvotech cites *J.S.T. Corp. v. Foxcomm Interconnect Trade, Ltd.*, 965 F. 3d 571 (7th Cir. 2020) in support of its Motion. In *J.S.T.*, the plaintiff contracted with a General Motors supplier to manufacture a connector used in an electrical module to be installed in some of GM's cars. *Id.* at 574. After the contract was in effect for a number of years, the supplier tricked J.S.T. into turning over its proprietary plans and specifications by falsely claiming that GM requested them. *Id.* However instead the supplier turned the plans and specifications over to J.S.T.'s competitors who, with full knowledge of their provenance, used them for the manufacture of knockoff connectors. *Id.* This thievery eventually allowed the competitors to displace J.S.T. as GM's connector supplier. *Id.* J.S.T., headquartered in Illinois, sued the competitors in Illinois District Court, alleging violation of the Illinois Trade Secrets Act. *Id.* The supplier, who was sued in a separate proceeding, was headquartered in Michigan. *Id.* None of the defendant competitors were headquartered in or had their

primary business in Illinois. *Id.* at 574-75. The District Court dismissed the case for lack of personal jurisdiction. *Id.* at 575.

The Seventh Circuit affirmed. J.S.T. contended on appeal that the defendants were subject to specific jurisdiction in Illinois because the knockoff connectors were sold to Illinois purchasers of GM Cars. *Id.* Thus, the so-called "stream of commerce" theory, annunciated in *Dehmlow v. Austin Fireworks*, 963 F.2d 941 (7th Cir. 1992), gives Illinois courts personal jurisdiction over non-resident defendants. *Id.* at 575-76. However, the Seventh Circuit noted that *Dehmlow* was a product liability case and in product liability cases there is a direct connection between the product developed elsewhere and harm to the consumer in the forum state, Illinois. *Id.* at 576. On the other hand, a trade secret misappropriation under Section 1065/2(b)(1) of the Illinois law is the unauthorized acquisition, disclosure, or use of a trade secret by a person who knows or has reason to know that the secret was acquired by improper means. *Id.* Therefore, a misappropriation is an illegal act that normally will occur long before a counterfeit product comes into the hands of a consumer, so that the connection between the two is too attenuated to establish specific jurisdiction. *Id.* at 577.

AbbVie relies upon *Curry v. Revolution Laboratories v. LLC*, 949 F.3d 385 (7th Cir. 2020) to support its claim of specific

jurisdiction. However, *Curry* involved allegations of trademark violations. In the Seventh Circuit's stream of commerce discussion, the Court distinguished *J.S.T.* from *Curry*, stating that "Trade Secret law is not like trademark law, in which consumer confusion can be at the heart of the underlying claim." *J.S.T.*, 965 F. 3d at 576.

AbbVie attempts to distinguish *J.S.T.* by arguing that AbbVie's misappropriated trade secrets were developed in Illinois under the direction of its management in Illinois, and that Defendant intends to sell its competing products in Illinois. J.S.T., however, likewise was an Illinois corporation, and it can reasonably be assumed that its proprietary drawings were developed under the direction of its management in Illinois. AbbVie's case for specific jurisdiction based on the contention that Alvotech intends to sell its product in Illinois fails for two reasons: first, the Complaint alleges that Alvotech does not sell its biosimilar product anywhere at this time and any sales in the future will be made by Alvotech USA, a separate domestic corporation; second, this argument is foreclosed by the Seventh Circuit's decision not to extend the stream of commerce theory to trademark cases. As the court said:

> Because the defendants themselves did not acquire, disclose, or use J.S.T.'s trade secrets in Illinois, the link between the Illinois sales and their misappropriation of J.S.T.'s trade secret is attenuated.

*Id.* at 577. Similarly, Alvotech's illegal acquisition of trade secrets from AbbVie's Singapore facility through the thievery of AbbVie's Singapore employee for Alvotech's use in Iceland is far too attenuated to allow personal jurisdiction over the Icelandic corporation Alvotech HF. Accordingly, the Motion to Dismiss pursuant to Rule 12(b)(2) is granted. The Court does not reach Alvotech's additional argument for dismissal under Rule 12 (b)(6).

### III.   <u>CONCLUSION</u>

For the reasons stated herein, Alvotech's Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Rule 12(b)(2) (Dkt. No. 21) is granted.


**IT IS SO ORDERED.**


_____
    Harry D. Leinenweber, Judge
    United States District Court

Dated: 10/6/2021

- 7 -